**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MICHAEL DISCH, | : | MOTIONS TO VACATE |
| BOP No. 03398-424, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CIVIL ACTION NOS. |
| v. | : | 1:09-CV-3518 & -3519-RWS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NOS. |
|     Respondent. | : | 1:07-CR-92 & 1:08-CR-15-RWS |

**ORDER AND OPINION**

This matter is before the Court for consideration of Movant Michael Disch's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[1] and the Government's response thereto (Disch I, Doc. 48; Disch II, Doc. 22). Also pending before the Court are Movant's identical motions to unseal the indictments and proceed to trial. (Disch I, Docs. 51-52; Disch II, Docs. 25-26).

**I. PROCEDURAL HISTORY**

In Disch I, a federal grand jury charged Movant with mailing a threatening communication to United States District Court Judge Thomas W. Thrash. (Disch I, Docs. 1, 15 at 13-14). On May 15, 2007, Movant pleaded guilty, pursuant to a

---

[1] Disch's § 2255 motions are docketed as Document 45 in United States v. Disch, No. 1:07-CR-92-RWS (N.D. Ga. filed Dec. 14, 2009) ("Disch I") and Document 20 in United States v. Disch, No. 1:08-CR-15-RWS (N.D. Ga. filed Dec. 14, 2009) ("Disch II").

negotiated plea agreement. (Disch I, Doc. 11). Two days later, Movant mailed another threatening letter, this time to the undersigned, who presided over Disch I. (Disch I, Doc. 26 at 21). This Court granted the Government's request to continue sentencing in Disch I pending its investigation of this new threat. (Disch I, Docs. 14, 17). The parties ultimately agreed to a consolidated resolution of the new threat and its implications for sentencing in Disch I. (Disch I, Doc. 37). As to the new threat, the Government agreed to charge Movant with making a false statement to a federal officer, which carried a potential five-year sentence, rather than another count of mailing a threatening communication, which carried a potential ten-year sentence. (Id. at 3). Pursuant to the parties' agreement, the Court would then conduct a single consolidated sentencing hearing for both cases. (Id.).

On January 17, 2008, the Government filed a Criminal Information in Disch II, charging Movant with making a false statement to a Special Agent of the Federal Bureau of Investigation that he had no knowledge of the new threat. (Disch II, Doc. 1). On that same day, Movant waived indictment and pleaded guilty, pursuant to a negotiated plea agreement that included a sentence-appeal waiver. (Disch II, Docs. 4, 6-7). In exchange for the Government's agreement not to pursue more serious charges against him, Movant agreed to request a sentence in Disch I of no less than ten years

2

of imprisonment, which would run consecutive to the sentence imposed in <u>Disch</u> II, and that such sentence was reasonable. (<u>Disch</u> II, Doc. 7 ¶ 5). Movant further agreed that the appropriate, reasonable sentence in <u>Disch</u> II was the five-year statutory maximum. (<u>Id.</u> ¶¶ 3, 7).

Movant also "expressly waive[d] any conflict that might exist by virtue of the fact that the sentencing judge in [<u>Disch</u> I] and in [<u>Disch</u> II], was the victim of a threatening communication sent by" Movant. (<u>Id.</u> ¶ 6). At the plea hearing, both the Government and the Court reviewed the terms of this conflict waiver with Movant, who ultimately confirmed that he was waiving this issue as to both cases. (<u>Disch</u> I, Doc. 26 at 10-11, 13-14, 23-24). After having accepted Movant's plea in <u>Disch</u> II, the Court asked Movant whether he agreed to proceed with sentencing as to both cases, and Movant responded "yes." (<u>Id.</u> at 28). The Court imposed the total sentence of fifteen (15) years of imprisonment on which the parties had agreed. (<u>Disch</u> I, Doc. 25; <u>Disch</u> II, Doc. 9).

Movant filed timely notices of appeal. (<u>Disch</u> I, Doc. 27; <u>Disch</u> II, Doc. 11). On August 5, 2009, the United States Court of Appeals for the Eleventh Circuit affirmed Movant's convictions and sentences, rejecting Movant's claim that the

undersigned was required sua sponte to recuse himself under 28 U.S.C. § 455(a)-(b). United States v. Disch, 347 F. App'x 421 (11th Cir. 2009) (unpublished opinion).

On December 14, 2009, Movant, proceeding pro se, filed the instant motions to vacate his sentences, arguing only that his attorney was ineffective for failing to file a motion to recuse the undersigned. (Disch I, Doc. 45 at 4; Disch II, Doc. 20 at 4). The Government responds that the instant motions are barred by Movant's valid sentence-appeal waiver[2] and further that his ineffective-assistant claim lacks merit. (Disch I, Doc. 48 at 11-24; Disch II, Doc. 22 at 11-24).

## II. DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). It is well-settled that "to obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on direct

---

[2] It does not appear that the sentence-appeal waiver applies here because Movant is not attacking his sentence.

4

appeal." United States v. Frady, 456 U.S. 152, 166 (1982). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

The standard for evaluating ineffective assistance of counsel claims is set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). The analysis is two-pronged. However, a court need not address both of these prongs "if the defendant makes an insufficient showing on one." Id. at 697. One asserting a claim of ineffective assistance of counsel must first show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id. at 690. A court analyzing Strickland's first prong must be "highly deferential" and must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In order to meet the second prong of Strickland, Movant must demonstrate that counsel's unreasonable acts or omissions prejudiced him. Id. at 694. That is, Movant "must show that there is a

5

reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

The Court finds that counsel performed reasonably in not pursuing a motion for recusal when Movant had expressly waived his right to move for a recusal and there is nothing to suggest that Movant's waiver was involuntary. Moreover, Movant has failed to demonstrate prejudice. On direct appeal of Movant's convictions and sentences, the Eleventh Circuit held, under plain-error review, that Movant (1) "expressly waived his right to file a motion to have the district court judge removed" under 28 U.S.C. § 455(a), (2) "did not meet his burden of showing that the district judge plainly erred by failing to disqualify himself under § 455(b)," and (3) "failed to demonstrate that any such error affected the fairness or integrity of the judicial proceeding." Disch, 347 F. App'x at 422-23. In so holding, the Eleventh Circuit also noted that "the circumstances here make it apparent that [Movant's] threats were motived by a desire to cause recusal," and "[e]ven if there had been error, the error would have been harmless." Id. at 423 n.2. Because the Eleventh Circuit held that this Court did not plainly err by failing to recuse itself under either § 455(a) or § 455(b), Movant cannot prevail on this ineffective-assistance claim. See Gordon v.

6

United States, 518 F.3d 1291, 1299 (11th Cir. 2008) ("Failing to object to an error that clearly has no effect on a defendant's substantial rights does not constitute ineffective assistance.").

### III. MOTIONS TO UNSEAL INDICTMENTS AND PROCEED TO TRIAL

Movant has filed identical motions to unseal the indictments and proceed to trial. (Disch I, Docs. 51-52; Disch II, Docs. 25-26). Movant contends that the indictments should be unsealed and a trial date set because the investigation is complete, there are no co-defendants, and he is already in custody. (Id.). Movant's convictions, however, are final, and the Court is denying his § 2255 motions. Accordingly, Movant's request to unseal the indictments and proceed to trial must be denied.

### IV. CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Section 2253(c)(2) of Title 28 states that a certificate of appealability shall not issue unless "the applicant has made

a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). A petitioner need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate." Lamarca v. Sec'y, Dep't of Corr., 568 F.3d 929, 934 (11th Cir.), cert. denied, 130 S. Ct. 783 (2009).

Having thoroughly reviewed the record in this case, the Court concludes that Movant's claim is not adequate to proceed further and, thus, declines to grant a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, this Court finds that the record conclusively demonstrates that Movant is not entitled to 28 U.S.C. § 2255 relief, and thus, no evidentiary hearing is required. See Diaz, 930 F.2d at 834. Accordingly, Movant's Motions to Vacate his Sentence pursuant to 28 U.S.C. § 2255 (Disch I, Doc. 45; Disch II, Doc. 20) are **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motions to unseal the indictments and proceed to trial (Disch I, Docs. 51-52; Disch II, Docs. 25-26) are **DENIED**.

Additionally, Movant is **DENIED** a certificate of appealability. Any requests by Movant to seek a certificate of appealability should be directed to the United States Court of Appeals for the Eleventh Circuit.

**IT IS SO ORDERED** this  22nd  day of September, 2010.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)